Jason S. Oliver
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: joliver@bakerlaw.com

*Attorneys for TV Products USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE TIDWELL,<br>Plaintiff/Petitioner,<br><br>vs.<br><br>ZHEJIANG JIANDI TRADING & INDUSTRIAL .<br>CO., LTD.,<br>Defendant/Respondent,<br><br>and<br><br>TV PRODUCTS USA, INC., WALMART STORES, INC., BIG LOTS STORES, INC.,<br>Garnishees. | *Document Filed Electronically*<br><br>CIVIL ACTION NO. 3:13-cv-5701<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF TV PRODUCTS USA, INC. TO VERIFIED PETITION FOR SPECIAL PROCEEDING AND TURNOVER OF JUDGMENT DEBTOR'S PROPERTY HELD BY GARNISHEE<br><br>JURY TRIAL DEMANDED |

Pursuant to Fed. R. Civ. Proc. 7(a)(2), TV Products USA, Inc. ("TVP") responds to the numbered paragraphs of the VERIFIED PETITION FOR SPECIAL PROCEEDING AND TURNOVER OF JUDGMENT DEBTOR'S PROPERTY HELD BY GARNISHEE filed by Petitioner Jackie Tidwell ("Petitioner") as follows:

### JURISDICTION AND VENUE

1. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies those allegations.

2. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies those allegations.

3. Admitted.

4. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies those allegations.

5. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies those allegations.

6. Admitted as to TVP.

## THE PARTIES

7. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies those allegations.

8. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies those allegations.

9. TVP admits that it is Products is a corporation incorporated under the laws of New York, conducting business in New York and maintaining an office in New York. TVP denies the remaining allegations of paragraph 9.

10. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies those allegations.

11. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies those allegations.

## SUMMARY OF APPLICATION

12. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies those allegations.

13. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies those allegations.

14. Denied.

15. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies those allegations.

## STATEMENT OF FACTS

16. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies those allegations.

17. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies those allegations.

18. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies those allegations.

19. Denied.

20. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies those allegations.

21. TVP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies those allegations.

22. TVP admits that paragraph 22 purports to be a restatement of CPLR § 5225(b) for which no response is required.

23. TVP admits that paragraph 23 purports to be a quote from Koehler v. Bank of Bermuda, 12 N.Y. 3d 533, 540 (N.Y. 2009) for which no response is required.

24. TVP admits that paragraph 24 purports to be a quote from Koehler v. Bank of Bermuda, 12 N.Y. 3d 533, 541 (N.Y. 2009) for which no response is required.

25. Paragraph 25 is a legal conclusion for which a response is not required. To the extent that a response is required, paragraph 25 is denied as to TVP.

26. Paragraph 26 is a legal conclusion and/or statement of fact for which a response is not required. To the extent that a response is required, paragraph 26 is denied as to TVP.

27. Denied as to TVP.

28. Denied as to TVP.

29. Paragraph 29 is a legal conclusion and/or statement of fact for which a response is not required. To the extent that a response is required, paragraph 29 is denied as to TVP.

30. Denied as to TVP.

31. Denied as to TVP.

32. Paragraph 32 is a legal conclusion and/or statement of fact for which a response is not required. To the extent that a response is required, paragraph 32 is denied as to TVP.

## AFFIRMATIVE DEFENSES

As its separate affirmative defenses to Petitioner's claims and allegations, TVP alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Verified Petition fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

TVP does not now possess, nor has it ever possessed, property owned by or in which the Judgment Debtor, Zhejiang Jiandi Trading & Industrial Co., Ltd. has an interest. Accordingly,

TVP cannot be subject to a special proceeding under CPLR §§ 5225(b), 5227 and/or 5228 (or any other statute cited by Petitioner).

### PRAYER FOR RELIEF

WHEREFORE, TVP requests that this Court enter judgment:

(a) that Petitioner take nothing against TVP by its Verified Petition in this action;

(b) finding, declaring, and adjudging in favor of TVP and against Petitioner, dismissing with prejudice all claims of Petitioner against TVP; and

(c) granting such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

TVP demands a jury trial on all issues so triable.

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: joliver@bakerlaw.com

By: s/ Jason S. Oliver
    Jason S. Oliver

*Attorneys for TV Products USA, Inc.*

Dated: September 10, 2013
New York, New York

## VERIFICATION

| | |
|---|---|
| STATE OF NEW YORK ) | |
| ) ss.: | |
| COUNTY OF NEW YORK ) | |

**JASON S. OLIVER**, being duly sworn, deposes and says:

I am an attorney of Baker & Hostetler LLP, attorneys for alleged garnishee TV Products USA, Inc. with offices located at 45 Rockefeller Plaza, New York, New York 10111; that I have read the foregoing Answer to Verified Petition and know the contents thereof; that the same is true to my knowledge; and the reason why this verification is made by myself instead of the alleged garnishee is because the alleged garnishee is not located within the County of New York, which is the county where the case was filed.

_____
JASON S. OLIVER

Sworn to before me
this 10th day of September 2013

_____
Notary Public

RAMON C. CABRERA, JR.
Notary Public, State of New York
No. 01CA6155386, Qualified in Bronx County
Certificate Filed in New York County
Commission Expires 11/13/2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2013 a true and correct copy of the foregoing was transmitted electronically to the Electronic Filing System of the United States District Court for the Southern District of New York, which is believed to have sent notice of such filing, constituting service of the filed document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on September 10, 2013, at New York, New York.

s/ Jason S. Oliver<br>Jason S. Oliver