DAVID GRAFF (DG7011)
SHVETA KAKAR (SK0311)
RACHAEL KIERYCH (RK1339)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020
dgraff@andersonkill.com
skakar@andersonkill.com
rkierych@andersonkill.com

*Attorneys for Plaintiff/Petitioner Jackie Tidwell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE TIDWELL,<br><br>Plaintiff/Petitioner,<br><br>vs.<br><br>ZHEJIANG JIANDI TRADING & INDUSTRIAL CO., LTD.,<br><br>Defendant/Respondent,<br><br>and<br><br>TV PRODUCTS USA, INC., WALMART STORES, INC., BIG LOTS STORES, INC.<br><br>Garnishees. | Case No.   13-cv-5701 (AKH)<br><br>(Filed Electronically on October 10, 2013) |

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR DEFAULT JUDGMENT AGAINST WALMART STORES, INC.

Jackie Tidwell ("Judgment Creditor" or "Petitioner"), by and through her attorneys, Anderson Kill P.C., as and for its Motion for Default Judgment against Wal-Mart Stores Inc. ("Wal-Mart") and pursuant to Federal Rules of Civil Procedure 55, alleges as follows:

## PRELIMINARY STATEMENT

On or about August 14, 2013, Petitioner commenced the instant proceeding seeking, *inter alia*, a turnover of respondent Zhejiang Jiandi Trading & Industrial Co., Ltd.'s ("Jiandi" or "Respondent" or "Judgment Debtor") property believed to be in the possession of garnishee Wal-Mart to satisfy the outstanding $750,000 judgment (the "Judgment") Petitioner is due and owed. Although Wal-Mart was timely and properly served in this proceeding, it failed to answer, move or appear with respect thereto. As such, Petitioner respectfully requests that this Court enter a default judgment against Wal-Mart.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Plaintiff Sustains Injuries from Defendant's Products

Sometime in July 2006, Petitioner Jackie Tidwell purchased a cookware set at a local Big-Lots store in Tennessee which was manufactured in China by Respondent. On or about December 24, 2006, Petitioner sustained serious burn injuries when the pot's handle broke, spilling a molten candy mixture onto her body. See Declaration of David Graff (hereinafter Graff Dec.) **Exhibit 1** (Complaint in Tennessee Action¶10).

### B. The Tennessee Circuit Court Renders a Judgment Against Jiandi

As a result of her injuries, Petitioner commenced an action against Jiandi in the Tennessee Circuit Court pleading breach of implied warranty of habitability, strict liability, negligence, and failure to warn. Id. **Ex. 1**. Petitioner forwarded the summons and complaint, transcribed in both English and Chinese, for service to the appropriate Chinese authority. Id. **Exhibit 2** (Certificates of Service). Petitioner thereafter moved for judgment by default as Jiandi

1

had refused to accept documents, answer or otherwise plead as required by law. See Graff Dec., **Exhibit 3** (Motion for Judgment by Default). Thus, on or about May 27, 2009 the Tennessee Circuit Court granted Petitioner's motion for an order for judgment by default and ordered that a hearing on the amount of damages be set for June 26, 2009. Id., **Exhibit 4**. This order was duly served on Jiandi. Id. Subsequently, on or about June 30, 2009, the Tennessee Circuit Court held an inquest and awarded Petitioner a judgment in the amount of seven hundred fifty thousand dollars ($750,000.00) against Jiandi.[1] Id., **Exhibit 5**. The judgment was also duly served on Jiandi. Id. To date, Jiandi has failed to satisfy the seven hundred fifty thousand dollars ($750,000.00) due and owed to Petitioner. See Graff Dec., at ¶12.

### C. The Tennessee Judgment Has Been Domesticated in the State of New York Pursuant to the Full Faith and Credit Clause

Subsequent to the Tennessee Judgment being entered, Petitioner moved by summary judgment in lieu of complaint to domesticate Petitioner's $750,000.00 judgment in this jurisdiction pursuant to the Full Faith and Credit Clause. On August 1, 2013, the Honorable Alvin K. Hellerstein granted Petitioner's motion on the merits thereby domesticating the Tennessee judgment in New York. Id., **Exhibit 6**. The New York judgment was subsequently entered by the clerk on August 5, 2013. Id., **Exhibit 7**.

### D. Petitioner Commenced the Instant Proceedings to Turnover Respondent's Assets in the Possession of Walmart

As detailed in the Petitioner's Verified Petition, Wal-Mart is a retail seller of Jiandi's products, and as such, upon information and belief received substantial assets belonging to Jiandi. Id., **Exhibit 8** (Verified Petition ¶¶10,15). Accordingly, on August 14, 2013, Petitioner

---

[1] Defendant's time to appeal expired 30 days after the entry of judgment. The Judgment was entered by the clerk on July 1, 2009. See Tenn. R. App. P. Rule 4("In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.")

2

commenced this proceeding seeking, *inter alia*, a turnover of Respondent's property held by Wal-Mart. Indeed, Wal-Mart was timely served with copies of the Verified Petition, Declaration in Support of the Verified Petition, and the Notice of Petition. Id. **Exhibit 9**.

Despite valid service, Wal-Mart failed to answer, appear or move with respect thereto. Further, the time for it to do so has expired and has not been extended by court order or otherwise. As such, on or about October 10, 2013 the Clerk of the Southern District entered a default against Wal-Mart. Id. **Exhibit 10**.

## ARGUMENT

### THE DEFAULT JUDGMENT SHOULD BE GRANTED BECAUSE SERVICE UPON WAL-MART WAS PROPER AND WAL-MART HAS FAILED TO ANSWER OR OTHERWISE APPEAR IN THIS ACTION

Pursuant to Federal Rules of Civil Procedure 4(h)(1)(B), service may be effected by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Here, Petitioner's Affidavit of Service demonstrates that a registered agent accepted service on behalf of Wal-Mart. See Graff Dec., **Exhibit 9**. As such, there is no question as to the validity of service. Further, as Wal-Mart has yet to answer, move or appear in the instant proceedings, pursuant to Federal Rules of Civil Procedure 55, Plaintiff should be entitled to a default judgment against Wal-Mart on the claims asserted by Petitioner in her Verified Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant its Motion for Default Judgment against Wal-Mart, and grant such other further relief as it deems just and proper.

Dated: New York, New York
October 10, 2013

                                       **ANDERSON KILL P.C.**
                                       *Attorneys for Petitioner Jackie Tidwell*

                                       By: _____
                                          David Graff, Esq.
                                          Shveta Kakar, Esq.
                                          Rachael Kierych, Esq.
                                          1251 Avenue of the Americas
                                          New York, New York 10020
                                          T: (212) 278-1000
                                          F: (212) 278-1733