# BROWN & HUTCHINSON
ATTORNEYS AND COUNSELORS AT LAW
925 CROSSROADS BUILDING
TWO STATE STREET
ROCHESTER, NEW YORK 14614

T. ANDREW BROWN
MICHELLE A. HUTCHINSON*
RONIT ZUSMAN**
MICHAEL COBBS
R. ANDREW FEINBERG
GEORGE F. HILDEBRANDT***
KAREN BAILEY TURNER
KIMBERLY J. CAMPBELL
BREANNE S. SKIVINGTON
TIFFANY L. D'ANGELO
ALINA NADIR
LOUISE BOILLAT

TELEPHONE (585) 454-5050
FAX (585) 454-5066

\*       ALSO ADMITTED IN ILLINOIS
\*\*     ALSO ADMITTED IN OREGON
\*\*\*   OF COUNSEL

November 6, 2013

*Via Facsimile [212-805-7942]*

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

      Re:    Tidwell v. Zhejiang Jiandi Trading & Industrial Co., Ltd., et al.
             Case No. 13-cv-5701 (AKH)

Dear Judge Hellerstein:

      As you may recall, our firm represents Wal-Mart Stores, Inc. ("Wal-Mart") in the above-referenced action. On October 29, 2013, I forwarded a letter to plaintiff's counsel advising that Wal-Mart is willing to discuss settlement once my client determines if it possesses any property that plaintiff is legally entitled to receive. None of Wal-Mart's suppliers have the exact name, Zhejians Jiandi Traders & Industrial Co., Ltd., the defaulting defendant in the underlying action ("Defaulting Defendant). Therefore, we asked plaintiff's attorney to provide additional identifying information for the Defaulting Defendant. On or about October 31, 2013, plaintiff's attorney Rachel Ann Kierych informed my office that she believed her firm may have such information. This information is essential to any productive settlement negotiations, as at this point, from the limited information Wal-Mart has received, it does not have a business relationship with the Defaulting Defendant. To date, we have not received any such information from plaintiff's attorneys.

The Court has scheduled a conference to discuss settlement for November 8, 2013. However, I am not available to attend the conference on November 8, 2013. Additionally, it seems best to confer only after plaintiff's attorneys have provided the information discussed above, which will allow Wal-Mart to determine if it has any property (e.g. accounts payable) of the Defaulting Defendant.

On November 5, 2013, my associate, R. Andrew Feinberg, spoke with Ms. Kierych regarding adjourning the November 8, 2013 conference. She tentatively agreed to adjourn the conference to November 21, 2013 conditioned on her client's approval. Subsequently, she forwarded an e-mail to Mr. Feinberg setting forth in pertinent part "Unfortunately, we will not be able to consent to an adjournment."

Mr. Feinberg has also spoken with the attorney representing the remaining garnishees, John M. Mueller. Mr. Mueller agrees that adjourning the conference at this point is appropriate and consented to adjourning the conference until November 21, 2013.

This is the first request for an adjournment in this matter.

Very truly yours,

J. Andrew Brown / md

T. Andrew Brown

TAB/md

cc: David Graff, Esq. (via facsimile only [212-278-1733])
Rachael Ann Kierych, Esq. (via facsimile only [212-278-1367])
Shveta Kakar, Esq. (via facsimile only [212-326-2061])
John M. Mueller, Esq. (via facsimile only [513-381-0205])
Jason S. Oliver, Esq. (via email only [joliver@bakerlaw.com])