UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACKIE TIDWELL,

        Plaintiff/Petitioner,

-vs-

ZHEJIANG JIANDI TRADING & INDUSTRIAL CO., LTD.,

        Defendant/Respondent,
and

TV PRODUCTS USA, INC., WALMART STORES, INC., BIG LOT STORES, INC.,

        Garnishees.

AFFIRMATION OF T. ANDREW BROWN, ESQ. IN OPPOSITION TO PETITIONER'S MOTION FOR DEFAULT JUDGMENT

CIVIL ACTION NO. 1:13-cv-05701

---

    T. Andrew Brown, an attorney admitted to practice law in the State of New York and Southern District of New York courts, hereby affirms under penalty of perjury and pursuant to 28 U.S.C. § 1746(2) that:

1. I am duly licensed to practice law in the State of New York.

2. I am the Managing Partner of the law firm of Brown and Hutchinson, attorneys for garnishee, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart").

3. This office has represented Wal-Mart in this action since Wal-Mart became aware of the Motion for Default Judgment. I am fully familiar with this action's procedural history and background, and submit this Affirmation in opposition to petitioner's Motion for Default Judgment.

## RELEVANT PROCEDURAL HISTORY

4.  Upon information and belief, on or about August 14, 2013, petitioner commenced a proceeding, under the above-captioned case, seeking that Wal-Mart (among others) turn over property of Zhejiang Jiandi Trading & Industrial Co., Ltd., respondent.  The Verified Petition alleges that petitioner was awarded a foreign judgment against Zhejiang Jiandi Trading & Industrial Co., Ltd., respondent, in the Tennessee Circuit Court, which was recognized in New York State pursuant to the Full Faith and Credit Clause.  Thereafter, petitioner commenced this turnover proceeding naming Wal-Mart (among other large companies) as a garnishee.

5.  Thereafter, on or about October 10, 2013, petitioner filed a Motion for Default Judgment against Wal-Mart.

6.  Wal-Mart failed to answer because the Verified Petition was inadvertently misplaced by the staff in its intake office. *See paragraph 15 of the Affidavit of Brian Hennelly sworn to December 3, 2013 (hereinafter "Hennelly Affidavit").*

7.  A diligent search of Wal-Mart's records showed that Wal-Mart has no dealings with Zhejiang Jiandi Trading & Industrial Co., Ltd., respondent. *See Hennelly Affidavit at paragraphs 5, 6 and 9.*

8.  On or about October 8, 2013, my associate spoke with petitioner's counsel in an attempt to gather additional information regarding Zhejiang Jiandi Trading & Industrial Co., Ltd., so that Wal-Mart could attempt to refine its investigation and search of its records.

9.  Having not received the requested information, I sent a letter, on October 29, 2013, to petitioner's counsel requesting additional information regarding respondent so that Wal-Mart could refine its investigation and search of its records.

10.  Petitioner's counsel has yet to provide any further identifying information

pursuant to our requests.

## EXCUSABLE DEFAULT

11. Wal-Mart did not answer the Verified Petition because a mistake was made by its staff. The Verified Petition was misplaced and lost because of an inadvertent clerical error. *See Hennelly Affidavit at paragraph 15.*

12. There was no wilful conduct on Wal-Mart's part regarding its default. *See Hennelly Affidavit at paragraph 15.*

13. Wal-Mart was at most merely negligent in its mistake in misplacing the Verified Petition and as a result, the Court must deny petitioner's Motion for Default Judgment and allow Wal-Mart additional time to answer the Verified Petition or otherwise move against it.

## MERITOROUS DEFENSE

14. As set forth in the Hennelly Affidavit submitted herewith, Wal-Mart does not possess any property of, or owed to, Zhejiang Jiandi Trading & Industrial Co., Ltd. *See Hennelly Affidavit at paragraph 9.*

15. Wal-Mart having no property of, or owed to, respondent is a complete defense to the turnover proceeding. As Wal-Mart has a valid meritorious defense in this matter, the Court must deny the petitioner's Motion for Default Judgment in its entirety and allow Wal-Mart additional time to answer the Verified Petition or otherwise move against it.

16. A copy of Wal-Mart's proposed Answer is incorporated herein and attached hereto as Exhibit A.

## PETITIONER WILL SUFFER NO PREJUDICE

17. Petitioner has not shown that it will suffer any prejudice if its Motion is denied. Petitioner obtained a judgment against respondent and now seeks to force several large

companies to turn over assets as garnishees to satisfy the judgment. Petitioner has to continue litigating this matter (despite the status of the claim against Wal-Mart) against the other named garnishees. As a result, allowing Wal-Mart to submit an Answer and continue its defense will not prejudice petitioner.

**WHEREFORE**, based upon the foregoing and the documents submitted herewith [Hennelly Affidavit and Memorandum of Law dated December 5, 2013], Wal-Mart respectfully requests that this Court grant the following relief:

1. Deny petitioner's Motion for Default Judgment pursuant to FRCP 55 in its entirety;

2. Allow Wal-Mart 21 days to answer the Verified Petition or otherwise Move against it; and

3. For such other and further relief as this Court deems fair and proper.

Dated: December 5, 2013
Rochester, New York

**BROWN & HUTCHINSON**

S/_____
T. Andrew Brown, Esq.
abrown@brownhutchinson.com
Attorneys for Garnishee
Wal-Mart Stores, Inc.
925 Crossroads Building, Two State Street
Rochester, New York 14614
(585) 454-5050

To:    David Graff, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: 212 278-1000

Shveta Kakar, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
Tel: 212 326-2000

Rachael Ann Kierych, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: 212 278-1000

John Michael Mueller, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Tel: 513 381-2838

Jason S. Oliver, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York City, NY 10111
Tel: 212 589-4649